**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Bernard C. CASTRO, Defendant–
Appellant.**

**No. 90CA0693.**

Colorado Court of Appeals,
Div. C.

Feb. 27, 1992.

Rehearing Denied March 26, 1992.

Certiorari Granted Sept. 14, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Robin Desmond, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge NEY.

Defendant, Bernard C. Castro, appeals the judgment of conviction entered upon jury verdicts finding him guilty of two counts of felony menacing. He contends that he was denied his right to a speedy trial by the granting of a continuance as a sanction for noncompliance with the provisions of Crim.P. 16 that require disclosure of witnesses and the nature of any defense to the prosecution. We reverse.

Defendant pleaded not guilty on June 19, 1989, and trial was set for November 7. Defendant did not disclose witnesses or give a specific statement of the nature of his defense within 30 days of the trial date as required by Crim.P. 16 Part II(c) and Part V(b)(1). The prosecution filed a motion for sanctions.

At the resulting hearing, defense counsel stated that the defense was a general denial and that he would call no witnesses, but simply cross-examine the prosecution's witnesses. The trial court ruled that Crim.P. 16 required disclosure of a general denial defense and the intent to cross-examine the prosecution's witnesses, and because of the lack of disclosure, it granted the prosecution a continuance under Crim.P. 16 Part III(g). As a result, over defendant's objection, he was tried beyond the speedy trial period.

Crim.P. 16 requires that the prosecution be informed "of the nature of any defense which defense counsel intends to use at trial and the names and addresses of persons whom defense counsel intends to call as witnesses in support thereof." *See* Crim.P. 16 Part II(c) and Part V(a).

Defendant contends that his not guilty plea raised a general denial defense and that Crim.P. 16 Part II(c) did not require any further disclosure of that defense or the intent to cross-examine prosecution witnesses. He argues that the continuance therefore denied him his right to a speedy trial because the delay was not attributable to him under § 18–1–405(6)(f), C.R.S. (1986 Repl.Vol. 8B). We agree.

■ The purpose of discovery under Crim.P. 16 is to avoid "trial by ambush" and promote efficient use of resources in pretrial preparation. *See People v. District Court*, 187 Colo. 333, 531 P.2d 626 (1975); 2 ABA, *Standards for Criminal Justice*, Standard 11–1.1 (2d ed. 1982). A general denial is not the kind of defense likely to cause surprise or mid-trial delay. *See* 2 ABA, *Standards for Criminal Justice, supra,* Standard 11–3.3; 2 W. LaFave, *Criminal Procedure* § 19.4(e) (1984).

A not guilty plea informs the prosecution that the defendant denies the charge and that it must be prepared to prove all elements of the crime beyond a reasonable doubt. When a defendant makes no further disclosure of defenses within the time allowed by Crim.P. 16, the prosecution may rule out any affirmative defenses on which it might otherwise expend resources in preparing for trial. A not guilty plea followed by no further disclosure of defenses therefore operates to inform the prosecution that the defense is a general denial, fulfilling the purpose of the rule.

■ Nor does the rule require disclosure of intent to cross-examine prosecution witnesses. Crim.P. 16 requires disclosure of "persons whom defense counsel intends to call as witnesses in support" of disclosed defenses. The defense does not "call" prosecution witnesses by cross-examining them. They are called by the prosecution.

Moreover, the right to confront and cross-examine witnesses is a fundamental constitutional right. *See People v. District Court*, 719 P.2d 722 (Colo.1986). We do not read the rule to require disclosure as a precondition to the exercise of that right.

■ Because defendant did not violate the rule, the trial court abused its discretion in granting the continuance as a sanction. Thus, the delay was not attributable to defendant, and accordingly, he was denied his right to a speedy trial. *See* § 18–1–405(4) and (6), C.R.S. (1986 Repl.Vol. 8B); Crim.P. 48(b). *See generally Marquez v. District Court*, 200 Colo. 55, 613 P.2d 1302 (1980).

The judgment is reversed and the cause is remanded to the trial court with directions to dismiss the charges against the defendant.

PIERCE and VAN CISE,* JJ., concur.