The PEOPLE of the State of
Colorado, Petitioner,

v.

Bernard CASTRO, Respondent.

No. 92SC272.

Supreme Court of Colorado,
En Banc.

July 6, 1993.

Rehearing Denied July 26, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russel, First Asst. Atty. Gen., Robert M. Petrusak, Asst. Atty. Gen., Crim. Enforcement Section, Denver, for petitioner.

David F. Vela, Colorado State Public Defender, Robin Desmond, Deputy State Public Defender, Denver, for respondent.

Justice VOLLACK delivered the Opinion of the Court.

The People of the State of Colorado (the People) petition from the court of appeals opinion in *People v. Castro*, 835 P.2d 561 (Colo.App.1992), wherein the court of appeals reversed the conviction of Bernard C. Castro (Castro) on the ground that Castro was denied his constitutional right to a speedy trial. We affirm.

I.

On May 2, 1989, the People filed a complaint charging Castro with second-degree kidnapping, attempted first-degree murder, second-degree assault, third-degree assault,

and menacing. The charges stemmed from events which occurred on April 24, 1989.

On June 12, 1989, Castro wrote a letter to the district court wherein Castro stated that "the defendant will now enter a 'not guilty' plea and demand his right to a speedy trial." After a first-appearance hearing, the district court entered a minute order on June 19, 1989, accepting Castro's plea of not guilty. The district court subsequently set a trial date on November 7, 1989.

On October 27, 1989, the People filed a motion for sanctions for failure by Castro to provide discovery. The motion alleged that the case was set for trial to commence on November 7, 1989, as a result of Castro's entry of a not-guilty plea on June 19, 1989. The motion alleged that Castro "has failed to provide any discovery to the prosecution in this case."

On October 31, 1989, the district court held a motions hearing wherein the People argued that they had not been informed of Castro's defense, and did not know whether Castro would call any witnesses. The People requested a continuance as a sanction in response to Castro's failure to comply with the discovery rule. Counsel for Castro stated that

> the only witnesses that Mr. Castro will call are witnesses that have been endorsed by the People.... [J]ust the statement that I'm not presenting witnesses, I'm cross-examining the People's witnesses and forcing them to meet their burden of proving Mr. Castro guilty beyond a reasonable doubt, I don't know that that general denial has to be provided.... That is going to be the nature of the defense so to speak, making the People prove their case beyond a reasonable doubt and cross-examining the witnesses that they present. I don't have any medical and scientific reports. I don't have an alibi.... I don't know how the People can be prejudiced by me not saying I'm just going to cross-examine your witnesses.

The People conversely contended that they were entitled to notice that Castro "would not be offering any witnesses, that he would be just cross-examining the People's witnesses, and the only defense he wants to raise at trial is general denial." The People conceded that they had lost approximately one week of trial preparation as a result of Castro's failure to comply with the discovery rule. Counsel for Castro informed the district court that Castro had previously requested a speedy trial during a proceeding on June 18, 1989. Counsel for Castro contended that granting a continuance would impinge upon Castro's right to a speedy trial.

> The district court ruled as follows:
> The [discovery] rule is specific. Defense counsel will notify the Prosecutor of any defense. "Any defense" includes a general denial. General denial is the biggest of all defenses, and which is, I didn't do it.... Also the Prosecutor has to be told who the witnesses will be. Now, there may be an issue here as to whether or not Defendants are required to disclose that they intend to call no witnesses. I think in the spirit of the rule, that if the general denial defense rests upon the cross-examination of the People's witnesses, that has to be disclosed....
>
> ... What is clear is that, at the least, Defendant was required to tell Prosecutor, my defense is general denial.

The district court noted that "[t]he People feel that they cannot proceed to trial safely without this discovery." The district court concluded that, because notice of a general denial defense was not given within the thirty-day time limit imposed by the discovery rule, the sanction of a continuance was appropriate. The district court continued the trial date to January 30, 1990.

On November 30, 1989, Castro filed a disclosure statement wherein Castro stated that his only defense was general denial, and that, with respect to witnesses, he listed "[a]ny witnesses endorsed by the prosecution," in addition to Ted DeTello. A three-day jury trial commenced on January 31, 1990. The district court subsequently entered judgment on a jury verdict finding Castro guilty of two counts of menacing.

Castro appealed his conviction and argued that the district court, by granting a

continuance as a sanction for failure to comply with the discovery rule, violated his right to a speedy trial. *People v. Castro,* 835 P.2d 561, 562 (Colo.App.1992). The court of appeals found that a not guilty plea informed the prosecution that a defendant denied the charges. *Id.* The court of appeals additionally found that the discovery rule did not require Castro to inform the prosecution that he intended to cross-examine prosecution witnesses. *Id.* The court of appeals concluded that Castro did not violate the discovery rule and that his right to a speedy trial was violated by the district court's imposition of sanctions consisting of a continuance. *Id.* at 563. The court of appeals thus reversed Castro's conviction. *Id.*

The People filed a petition for a writ of certiorari, and we affirm the court of appeals opinion.

## II.

We granted certiorari to consider:

[w]hether those portions of Crim.P. 16 which require the defense to furnish the prosecution with the nature of *any* defense at least thirty days prior to trial will be afforded their clearly intended meaning or whether lower courts will be able to carve out exceptions such as the one created for general denial defenses in this case.

The People contend that the language of the discovery rule incorporates all defenses and not all defenses other than a general denial defense. The People additionally contend that the district court did not abuse its discretion by imposing a sanction of a continuance as a result of Castro's failure to comply with the discovery rule. The People's contentions are not persuasive.

## A.

■ The criminal discovery rule provides in pertinent part:

**Part II. Disclosure to Prosecution**
. . . .
(c) **Nature of Defense.**
Subject to constitutional limitations, the trial court may require that the pros-

ecuting attorney be informed of the nature of any defense which defense counsel intends to use at trial and the names and addresses of persons whom defense counsel intends to call as witnesses in support thereof. . . .

. . . .

**Part V. Time Schedules and Discovery Procedures**

(a) **Mandatory Discovery.**
The furnishing of the items discoverable, referred to in . . . Part II . . . (c) herein, is mandatory and no motions for discovery with respect to such items may be filed.

Crim.P. 16, 7B C.R.S. (1992 Supp.). "The discovery rules in criminal proceedings are designed to further the truth-seeking process. *See* Crim.P. 2, 7B C.R.S. (1984). By permitting the prosecution and defense to obtain relevant information prior to trial, the rules also promote fairness in the criminal process by reducing the risk of trial by ambush." *Lanari v. People,* 827 P.2d 495, 499 (Colo.1992); *see People v. District Court,* 793 P.2d 163, 168 (Colo.1990) (holding that the purpose of discovery is to advance the search for truth). Subsection (c) of the discovery rule seeks to prevent prejudice to the prosecution that may occur when the defendant endorses witnesses on the eve of trial. We have emphasized that "the disclosure of information *by an accused* required by Crim.P. 16(II) is expressly subject to 'constitutional limitations.'" *Lanari,* 827 P.2d at 500 (quoting Crim.P. 16(II)(b)-(c), 7B C.R.S. (1984)); *see People v. Pronovost,* 773 P.2d 555, 557 (Colo.1989) ("Subject to constitutional limitations, the trial court may also require that the defense disclose the nature of any defense to be raised at trial.").

■ In the present case, the People contend that Castro violated rule 16 by failing to furnish the People with a statement that his defense would be limited to a general denial defense.[1] The People's contention in

---

1. The People do not challenge that portion of the court of appeals ruling wherein the court of

appeals stated that rule 16 does not require "disclosure of intent to cross-examine prosecu-

essence states that the discovery rule imposes upon defendants an obligation to furnish a statement within the appropriate period regardless of whether the prosecution has already received relevant information from the defendant. We do not agree.

The prosecution was informed on June 19, 1989, approximately five months prior to the first scheduled trial date, that Castro denied that he committed the offenses contained in the complaint by entering a plea of not guilty. The fact that Castro did not furnish the People with a statement thirty days prior to trial articulating that he did not intend to present any other defenses at trial *confirmed* that his only defense at trial would be a general denial defense.

An express statement that Castro did not intend to present any defenses except general denial would have clarified the nature of his defense. Rule 16, however, does not impose such a requirement; it only requires that the prosecuting attorney be informed of the nature of any defense which defense counsel intends to use at trial and of the witnesses the defendant intends to call in support of that defense.

### B.

■ Rule 16 gives trial courts broad discretion in fashioning remedies for violations of its provisions. *District Court,* 793 P.2d at 168; *Pronovost,* 773 P.2d at 558. We have stated that, when exercising its discretion in fashioning remedies for violations of rule 16, "the court should impose the least severe sanction that will ensure that there is full compliance with the court's discovery orders." *District Court,* 793 P.2d at 168 (relying on *United States v. Sarcinelli,* 667 F.2d 5, 7 (5th Cir.1982)). "In exercising that discretion, the court should take into account the reason why disclosure was not made, the extent of the prejudice, if any, to the opposing party, the feasibility of rectifying that prejudice by a continuance, and any other relevant circumstances." *Id.* at 167 (quoting 2 C. Wright,

*Federal Practice & Procedure* § 260, at 119–20 (1982)). An order imposing sanctions will amount to an abuse of discretion, however, when the order is "manifestly arbitrary, unreasonable, or unfair." *Nagy v. District Court,* 762 P.2d 158, 161 (Colo. 1988) (quoting *People v. Milton,* 732 P.2d 1199, 1207 (Colo.1987)).

The district court order does not reveal that the district court considered why disclosure was not made, the extent of the prejudice, if any, to the prosecution, the feasibility of rectifying that prejudice by a continuance, and any other relevant circumstances. In the present case, the district court failed to consider that disclosure was not made in the present case because Castro did not believe that there was any information to disclose. The People could not have incurred prejudice as a result of Castro's presentation of a general denial defense, as the People had five months' notice that Castro denied that he committed the charged offenses. Additionally, at the motions hearing on October 31, 1989, Castro indicated that he did not intend to call any witnesses in support of his general denial defense. A continuance in the present case was thus not necessary to promote a fair trial.

■ As we have emphasized, disclosure by the defendant under rule 16 is expressly subject to constitutional limitations. The right to a speedy trial is an important constitutional right that may not be ignored by a trial judge. *People ex rel. Coca v. District Court,* 187 Colo. 280, 282, 530 P.2d 958, 959 (1975). Granting a continuance as a sanction for failure to comply with rule 16 in a case where the People had notice of the general denial defense, and where the continuance would violate the defendant's previously asserted right to a speedy trial, constitutes an abuse of discretion. The court of appeals correctly determined that the district court abused its discretion in this case by granting the continuance as a sanction. *See Castro,* 835 P.2d at 563.

---

tion witnesses." *People v. Castro,* 835 P.2d 561, 562 (Colo.App.1992). We disapprove of an interpretation of the rule that would impose upon a defendant an affirmative obligation to furnish

a statement that the defendant did not intend to call any witnesses and would only cross-examine those witnesses called by the prosecution.

We affirm the ruling of the court of appeals.