**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellant,**

v.

**Rhonda Lynn DALEY, Defendant–**
**Appellee.**

No. 03CA0257.

Colorado Court of Appeals,
Div. II.

March 11, 2004.

Rehearing Denied June 24, 2004.

Certiorari Denied Sept. 13, 2004.

Frank J. Daniels, County District Attorney, Jon D. Levin, Deputy District Attorney,

Grand Junction, Colorado, for Plaintiff–Appellant.

Gordon P. Gallagher, Grand Junction, Colorado, for Defendant–Appellee.

Opinion by Judge NIETO.

The People appeal the trial court's order imposing sanctions for a discovery violation. We reverse and remand for trial.

Defendant, Rhonda Lynn Daley, and the victim attended a party, and after the party, the deceased victim was found lying in the road. The Colorado State Patrol (CSP) determined she had been struck by a vehicle. CSP officers found pieces of white plastic at the scene that were later matched to the bumper of defendant's white vehicle. The coroner found white paint on the victim's jacket and pants and concluded this paint was likely the result of the victim's contact with a white vehicle.

After defendant was charged with offenses arising from the victim's death, defense counsel sought to conduct a paint transfer analysis to determine whether the paint on the victim's clothing matched the paint from defendant's vehicle. However, the prosecution and the CSP were unable to locate the clothing, and the prosecution only minimally searched for the evidence despite its representation to the trial court that it would continue to search.

The trial was scheduled, with defendant's consent, ten days after the expiration of the statutory speedy trial deadline. A week before the trial, prosecutors found the clothing in the CSP's evidence room. Defendant then moved for dismissal of the case or some other sanction because the prosecution failed to timely provide the clothing for defense testing.

The trial court found that the prosecution had violated Crim. P. 16 by its careless handling of the evidence. The court determined that the clothing might have led to exculpatory evidence because the paint transfer analysis could have shown that defendant's vehicle was not involved in the accident. The court found no bad faith by the CSP or the prosecution.

In fashioning sanctions for the violation, the court could not continue the case because defendant's speedy trial time would expire on the trial date. The court determined that dismissal of the case as a sanction would not be granted because that remedy was "far too severe ... because there is no bad faith." Instead, it imposed the following sanctions. It excluded the victim's clothing and the bumper from defendant's vehicle as evidence at trial. It also excluded any evidence concerning the color of defendant's vehicle and all testimony from nine CSP officers, including the officers who investigated the crime scene. The court also restricted the coroner's testimony by disallowing any mention of the victim's clothing. The court did not explain how these sanctions would remedy the prejudice suffered by defendant.

The prosecution filed a petition under C.A.R. 21, seeking review of the order for sanctions. However, the supreme court denied the petition.

When the case was called for trial, the prosecution informed the trial court that, as a result of the sanctions, it had insufficient witnesses and evidence to proceed to trial. Defendant then moved to dismiss because the speedy trial time would expire if trial did not begin that day. The trial court granted the motion, stating, "I find the People will not present evidence at trial, and the motion to dismiss is granted."

I.

We first address defendant's contention that this appeal should be dismissed because the supreme court's denial of the prosecution's petition under C.A.R. 21 constituted a ruling on the merits of the petition. We disagree.

A decision by the supreme court to exercise its original jurisdiction is discretionary and is not a substitute for an appeal. Denial of a C.A.R. 21 petition does not indicate that the supreme court considered the merits of the petition. *Bell v. Simpson,* 918 P.2d 1123 (Colo.1996).

Here, the supreme court declined to exercise its original jurisdiction and did not rule on the merits of this case. Therefore, this

appeal is not barred by the prior proceedings in the supreme court.

## II.

The People contend that the trial court's imposition of sanctions was an abuse of discretion. We agree.

The choice of an appropriate sanction for a violation of a discovery rule lies within the sound discretion of the trial court. *People v. Copeland*, 976 P.2d 334 (Colo.App. 1998), *aff'd*, 2 P.3d 1283 (Colo.2000). An order imposing sanctions will not amount to an abuse of discretion unless it is manifestly arbitrary, unreasonable, or unfair. *People v. Castro*, 854 P.2d 1262 (Colo.1993).

This discretion, however, is not unlimited. In imposing sanctions, the trial court should be cautious not to affect the evidence to be introduced at trial or the merits of the case more than necessary. In the absence of willful misconduct or a pattern of neglect demonstrating a need for modification of a party's discovery practices, a court should use sanctions only as a means to cure the prejudice resulting from the discovery violation. *People v. Lee*, 18 P.3d 192 (Colo. 2001).

When fashioning sanctions for a discovery violation, the trial court should consider the reasons the disclosure was not made; the extent of the prejudice, if any, to the opposing party; the feasibility of rectifying that prejudice by a continuance; and any other relevant circumstances. *People v. Castro, supra*. A court should impose the least severe sanction that will adequately remedy the violation. *People v. Mandez*, 997 P.2d 1254 (Colo.App.1999).

A trial court should avoid excluding evidence because "the attendant windfall to the party against whom such evidence would have been offered defeats, rather than furthers, the objectives of discovery." *People v. Lee, supra*, 18 P.3d at 197. "[E]xclusion is a drastic remedy and therefore is strongly disfavored, especially since in many cases it may well determine the outcome of the trial." *People v. Cobb*, 962 P.2d 944, 949 (Colo.1998).

Dismissal is a drastic sanction and must be reserved for situations where no other sanction will "restore as nearly as possible the level playing field that existed before the discovery violation." In the absence of willful misconduct, dismissal as a sanction for a discovery violation is usually beyond the discretion of the trial court. *People v. Dist. Court*, 808 P.2d 831, 837 (Colo.1991).

The supreme court has held that an improperly granted order to suppress evidence, which was decided without reaching the merits of the motion and which left the prosecution without evidence sufficient to proceed to trial, was "tantamount to dismissing the charges against the defendant." The court further held that because the order amounted to a dismissal and did not serve the purposes of the exclusionary rule, it was beyond the trial court's limited authority to dismiss criminal charges on its own motion. *People v. Bakari*, 780 P.2d 1089, 1091 (Colo.1989)(quoting *People v. Grady*, 755 P.2d 1211, 1218 (Colo.1988)).

Here, the order excluding the evidence was a sanction, and not a suppression ruling. However, the effect on the prosecution's case was the same, and therefore, the analysis in *Bakari* is applicable here.

The prosecution represented to the trial court that its remaining evidence was insufficient to allow it to proceed to trial. Neither the court nor defendant disputed this assessment. Therefore, we conclude that the sanctions imposed by the court were so severe that the order was tantamount to dismissal of the charges. Thus, we must consider whether dismissal was an appropriate sanction. We conclude it was not.

The trial court found that neither the prosecutor nor the CSP acted in bad faith or in willful violation of Crim. P. 16. Further, there was no finding that the discovery practices of the prosecution or the CSP demonstrated a pattern of neglect and that a sanction with a deterrent effect was needed to modify those practices. Under these circumstances, the trial court should have considered sanctions that would cure

any prejudice to defendant resulting from the violation. *See People v. Lee, supra.*

In her motion seeking relief for the prejudice she suffered, defendant asked for dismissal of the charges, but failing that, she did not seek sanctions as drastic as those imposed by the trial court. As alternative sanctions, defendant requested limiting jury instructions, preclusion of certain arguments, dismissal of some counts, and limiting penalties if defendant were convicted. The trial court found that dismissal was not appropriate, declined to impose the sanctions suggested by defendant, but nonetheless imposed sanctions that were tantamount to dismissal.

 The trial court found that if the clothing had been available for testing, it might have exonerated defendant. However, the mere possibility that testing might lead to exculpatory evidence does not support a dismissal of the charges. "Speculative assertions regarding the possible exculpatory effect had the evidence been available for testing are not sufficient" to show that loss of the evidence constituted a violation of due process. *People v. Scarlett,* 985 P.2d 36, 39 (Colo.App.1998).

The discovery violation involved the unintentional mishandling of the victim's clothing. Therefore, some sanction was appropriate that would cure the prejudice caused by the violation. However, the sanctions imposed also excluded evidence of the car bumper and the testimony of the CSP officers who investigated the case and who had nothing to do with the discovery violation. In the absence of any explanation as to how these sanctions remedied the prejudice suffered by defendant, they have the effect of being punitive rather than curative. There was no showing of a due process violation or a need for deterrence, and therefore, the trial court should have considered only curative sanctions. *See People v. Lee, supra.*

Accordingly, we conclude that the trial court abused its discretion by imposing sanctions that were equivalent to a dismissal of the charges.

III.

Defendant argues that the statutory speedy trial time has expired and, therefore, the case cannot be remanded for trial. We do not agree.

 When a case is dismissed on a defendant's motion, speedy trial is tolled for the time required for the prosecution to go through the appellate process. The period of delay is attributed to the defendant, and it is excluded from the speedy trial time by § 18–1–405(6)(e), C.R.S.2003. *People v. Jamerson,* 198 Colo. 92, 596 P.2d 764 (1979).

A reasonable period of time to reschedule the case for trial after remand from the appellate court is also excluded from the statutory speedy trial time. This time is also attributable to the defendant under § 18–1–405(6)(e). *People in Interest of N.P.,* 768 P.2d 706 (Colo.1989).

 Here, the case was effectively dismissed on the defendant's motion. Therefore, defendant's statutory speedy trial right has been tolled during the appeal of this matter, and the prosecution is entitled to a reasonable time within which to reschedule this case for trial after remand from this court.

The order imposing sanctions equivalent to dismissal is reversed, and the case is remanded to the trial court to reinstate the information and schedule trial consistent with defendant's speedy trial rights as set forth in this opinion. The trial court must also reconsider whether, given the date of the new trial, defendant can have the clothing tested, thus eliminating the need for sanctions, and if she cannot conduct the tests, what curative sanctions are appropriate.

Judge ROTHENBERG and Judge PICCONE concur.