24CA0891 Peo v Martinez 05-07-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0891
El Paso County District Court No. 23CR2102
Honorable William H. Moller, Judge

---

The People of the State of Colorado,

Plaintiff-Appellant,

v.

Mathew Sean Martinez,

Defendant-Appellee.

---

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division IV
Opinion by JUDGE BROWN
Freyre and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 7, 2026

---

Michael J. Allen, District Attorney, Doyle Baker, Senior Deputy District
Attorney, Tanya A. Karimi, Deputy District Attorney, Isaiah Rose, Deputy
District Attorney, Colorado Springs, Colorado, for Plaintiff-Appellant

Megan A. Ring, Colorado State Public Defender, Kira L. Suyeishi, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellee

¶ 1     The District Attorney for the Fourth Judicial District appeals the district court's order dismissing the only charge against defendant, Mathew Sean Martinez, as a sanction for a discovery violation.  We reverse and remand the case for further proceedings.

## I.     Background

¶ 2     The prosecution charged Martinez with driving under the influence (DUI) – fourth or subsequent offense, alleging that he had been previously convicted of three prior alcohol-related driving offenses in the State of Texas.  Martinez entered a plea of not guilty, and Judge Diana May, the presiding judge at the time, set a jury trial for January 2024.  Martinez later asked to continue the trial, and the court granted his request, resetting the trial for April 1.

¶ 3     On the morning of trial on April 1, a new prosecutor was assigned to the case, which created a conflict for Judge May.  She advised the parties that the case would be reassigned to a new judicial officer.

¶ 4     Later that day, the parties appeared before Judge William Moller.  The parties addressed preliminary matters, including Martinez's motion to exclude an investigator's report that compared photographs he took of Martinez to certified records from the Texas

1

convictions and concluded that Martinez appeared to be the person in the Texas records. Martinez argued that the prosecution had failed to timely disclose the report because it had been provided to the defense only a week before trial. The court denied the motion, concluding that the prosecution had disclosed the report "as soon as practicable" and had "not failed to disclose materials required by [Crim. P.] 16."

¶ 5    During argument concerning the photograph comparison report, the prosecutor mentioned that the investigator had also attempted to compare fingerprints he collected from Martinez with those contained in the Texas records. The prosecutor explained that the poor quality of the fingerprints in the Texas records prevented any meaningful comparison. Based on that information, defense counsel argued that another potential discovery violation had occurred. Specifically, counsel explained that the prosecution had failed to provide Martinez with the fingerprints collected by the investigator or any information related to the investigator's unsuccessful attempt to compare them with the Texas records. And counsel argued that the undisclosed evidence was potentially exculpatory, noting that "if he's not the same Martinez from Texas,

2

this goes from a . . . felony DUI down to a misdemeanor DUI. That is huge." Counsel moved the court to dismiss the case as a remedy for the alleged Crim. P. 16 violation.

¶ 6 The court concluded that a "significant" discovery violation had occurred. It found that the undisclosed fingerprints and the investigator's inability to compare them with the Texas records were potentially exculpatory evidence and that, had such evidence been timely disclosed, the defense could have retained an expert to conduct a fingerprint comparison. It determined that the trial could not proceed that day due to the Crim P. 16 violation and excused the jurors. The court then proceeded to consider the appropriate sanction. While discussing whether the trial could be reset, the prosecutor advised the court that defense counsel was on vacation the following week and noted, "[T]here's only I think one other trial date before speedy runs. I think that's April 8th" — which was one week later.[1] Defense counsel added, "I think there's another case

---

[1] After the prosecutor made this representation, the court clerk said, "That's correct." But it is not clear to us if the clerk was agreeing that there was only one other available trial date before the speedy trial deadline or if the clerk was agreeing that April 8 was an available trial date.

that actually would potentially go, and . . . I don't know who has speedy priority."

¶ 7     Based largely on these representations, the court dismissed the case. It found that (1) the prosecution knew of the evidence and did not disclose it; (2) the withheld evidence was significant and potentially exculpatory; (3) defense counsel would have had an opportunity to engage an expert to determine whether the Texas records involved the same defendant had the evidence been disclosed; (4) evidence establishing that Martinez was not the same defendant as in the Texas records "would have reduced this charge from a felony to a misdemeanor and would potentially have changed the entire outcome of the case"; and (5) the length of time that it would take for the defense to do a comparison would run beyond the speedy trial deadline. Consequently, the court concluded that dismissal was "the only appropriate sanction at this time."

## II.     Discovery Sanctions

¶ 8     The People do not challenge the district court's conclusion that a discovery violation occurred; rather, they contend that the district court abused its discretion by dismissing the case as a sanction for the discovery violation. We agree.

4

### A. Standard of Review and Generally Applicable Law

¶ 9 In the event a party fails to comply with the discovery rules, Crim. P. 16(III)(g) permits a trial court to order sanctions that it "deems just under the circumstances." We review a court's ruling on discovery sanctions for an abuse of discretion. *People v. Tippet*, 2023 CO 61, ¶ 35; *see People v. Lee*, 18 P.3d 192, 196 (Colo. 2001) ("Because of the multiplicity of considerations involved and the uniqueness of each case, great deference is owed to trial courts in this regard . . . ."). We will not disturb a trial court's imposition of a sanction unless its ruling is manifestly arbitrary, unreasonable, or unfair or it misapplies the law. *People v. Daley*, 97 P.3d 295, 298 (Colo. App. 2004); *see People v. Moore*, 226 P.3d 1076, 1081 (Colo. App. 2009) ("A trial court necessarily abuses its discretion when it bases its ruling on an erroneous view of the law.").

¶ 10 But the trial court's discretion to impose discovery sanctions is not unlimited. *Lee*, 18 P.3d at 196. The court must fashion a remedy that protects the integrity of the truth-finding process and deters discovery-related misconduct. *People v. Whittington*, 2024 CO 65, ¶ 19. The court must also consider the following factors: "(1) the reason for and degree of culpability associated with the

5

violation; (2) the extent of resulting prejudice to the other party; (3) any events after the violation that mitigate such prejudice; (4) reasonable and less drastic alternatives to [dismissal]; and (5) any other relevant facts." *Tippet*, ¶ 37 (citation omitted).

¶ 11     "In the absence of willful misconduct or a pattern of neglect demonstrating a need for modification of a party's discovery practices, a court should use sanctions only as a means to cure the prejudice resulting from the discovery violation." *Daley*, 97 P.3d at 298; *see Whittington*, ¶ 19; *Tippet*, ¶ 53; *Lee*, 18 P.3d at 196-97. In fashioning a sanction, "a court must strive to restore as nearly as possible the level playing field that existed before the discovery violation," *People v. Dist. Ct.*, 808 P.2d 831, 837 (Colo. 1991), and "should impose the least severe sanction that will adequately remedy the violation," *Daley*, 97 P.3d at 298. Dismissal is a drastic sanction that must be reserved for situations when the violation cannot be adequately remedied by the imposition of a less severe sanction. *Id.*

## B. The District Court Abused Its Discretion by Dismissing Martinez's Case as a Discovery Sanction

¶ 12    The People contend that the district court abused its discretion by dismissing Martinez's case as a sanction for the discovery violation because it (1) did not find that the violation was the result of willful misconduct or a pattern of neglect, which is a finding required to dismiss the case as a deterrent or punitive sanction; and (2) failed to consider less drastic sanctions. We conclude that, under the circumstances, the court abused its discretion by imposing the most severe sanction without finding willful misconduct or a pattern of neglect that would justify dismissal as a deterrent sanction and without considering whether the discovery violation could have been adequately remedied by imposing a less severe sanction. *See Tippet*, ¶ 37.

### 1.    Willful Misconduct or Pattern of Neglect

¶ 13    The People contend that the district court abused its discretion by dismissing the case as a deterrent sanction for the discovery violation without first finding that the prosecution had engaged in willful misconduct or a pattern of neglect. After the court concluded that the prosecution's conduct amounted to a

discovery violation, it acknowledged that the prosecutor was "new to the case" and clarified that it was "not assigning any blame" to that prosecutor but determined that the violation was "chargeable to the People." Critically though, the court's culpability findings stop there. The court did not find — and the record does not reflect — that the prosecution's discovery violation was the result of willful misconduct or a pattern of neglect or that there was a need to deter or punish the prosecution for its misconduct. *See Whittington,* ¶ 19.

¶ 14    Martinez concedes as much in his answer brief, acknowledging that the court "did not find that the prosecution engaged in willful misconduct when it committed the discovery violation." Nevertheless, he argues that the court's findings were sufficient to support the sanction of dismissal because the court determined that the discovery violation involved "potentially exculpatory evidence" and that the prosecution's violation was "significant." But Martinez has not cited, nor are we aware of, any authority holding that dismissal is an appropriate deterrent sanction if a court finds that the undiscovered evidence was "potentially exculpatory" or "significant." Instead, "[i]n the absence of willful misconduct,

8

dismissal as a sanction for a discovery violation is usually beyond the discretion of the trial court." *Daley*, 97 P.3d at 298 (citing *Dist. Ct.*, 808 P.2d at 837).

¶ 15 Because the record does not support dismissal as a sanction, meant to deter the prosecution's willful misconduct or a pattern of neglect, we proceed to consider whether any less drastic sanctions were available.

### 2. Consideration of Less Drastic Sanctions

¶ 16 The People contend that the district court abused its discretion because it could have granted a continuance, excluded the evidence, or reduced the charge as a less drastic sanction to dismissal. Martinez argues that (1) the prosecutor invited any error by the court in not electing a continuance; (2) the prosecutor waived any claim that the court should have excluded the evidence or reduced the charge; and (3) dismissal was the only reasonable sanction available to adequately remedy the discovery violation.

¶ 17 First, to the extent the People contend that the court abused its discretion by not considering the alternative sanction of a continuance, we agree with Martinez that the prosecutor invited any error by the court in that regard. The doctrine of invited error

prevents a party from "complaining on appeal of an error that [the party] invited or injected into the case; the party must abide [by] the consequences of [their] acts." *People v. Rediger*, 2018 CO 32, ¶ 34; *see People v. Becker*, 2014 COA 36, ¶ 20 (The doctrine typically "precludes appellate review of alleged errors that were invited by a party's affirmative conduct.").

¶ 18    Here, the prosecutor misadvised the district court that there was only one available trial date before the speedy trial deadline and that date was the following week. The parties agree that the prosecutor was mistaken and that the speedy trial deadline was not set to expire until June 2024. But based on the prosecutor's representation, the court determined that a continuance would not cure the harm resulting from the discovery violation because it either would not provide the defense enough time to retain an expert to investigate the undiscovered evidence and prepare for a new trial or would force Martinez to sacrifice his right to a speedy trial. Thus, even if the court erred by not considering a continuance as an alternative less drastic sanction to dismissal, we conclude that the prosecution invited that error, and we will not address the argument further. *See Becker*, ¶ 20.

¶ 19    Second, we are not persuaded that the prosecution waived the right to contend that the district court should have excluded the evidence or reduced the charge as a less drastic sanction.  Waiver is "the *intentional* relinquishment of a known right or privilege." *Rediger*, ¶ 39 (citation omitted).  Waiver may be explicit or implied, but in either circumstance, claims of waiver must be supported by some evidence of intent to relinquish a known right.  *Forgette v. People*, 2023 CO 4, ¶ 28.  "[W]aiver extinguishes error, and therefore appellate review . . . ."  *Rediger*, ¶ 40.

¶ 20    Martinez argues that the People waived the right to claim that excluding the evidence or reducing the charge was a less drastic sanction because the prosecutor did not suggest these alternatives to the court.  This argument presumes that the prosecution had a duty to affirmatively propose alternative sanctions to the court before the court imposed a sanction.  But Martinez has not cited, nor are we aware of, any authority holding that the prosecution waives the right to challenge the severity of a discovery sanction if the prosecutor fails to propose alternatives.  Instead, it is the court's obligation to "impose the least severe sanction that will adequately remedy the violation."  *Daley*, 97 P.3d at 298; *see*

11

*Whittington*, ¶ 17 ("Choosing an appropriate sanction to address discovery violations lies within the sound discretion of the trial court . . . ."); *see also Tippet*, ¶ 37 (identifying "several factors that a court must consider when fashioning discovery sanctions").

¶ 21     Further, Martinez does not identify any evidence in the record that shows the prosecution *intended* to relinquish the right to challenge the severity of the discovery sanction.  *See Phillips v. People*, 2019 CO 72, ¶ 22 ("[T]he record before us is barren of any indication that defense counsel considered raising the unpreserved contentions before the trial court but then, for a strategic or any other reason, discarded the idea.").  Martinez speculates that the prosecution may have had an "all-or-nothing" strategy and that "the prosecution intentionally relinquished its opportunity to seek these potential sanctions."  But he has not substantiated that claim with record evidence.  And we see no sound strategic reason the prosecution would abandon the opportunity to pursue a misdemeanor conviction.  *Cf. Stackhouse v. People*, 2015 CO 48, ¶ 16 (concluding that counsel waived the defendant's right to a public trial by not objecting to a known closure in part because "legitimate strategic considerations might motivate counsel to not

12

object to a closure"). Thus, we conclude that the People have not waived the right to argue on appeal that the district court should have imposed a less severe sanction.

¶ 22 Third, to the extent that the People argue that the exclusion of the undisclosed evidence would have been a reasonable and less drastic sanction to dismissal, we disagree. Such a sanction would not have been a reasonable alternative under the circumstances. The record shows that the prosecution had no intention of introducing the undiscovered evidence at trial — indeed, from the prosecution's perspective, the evidence was inconclusive at best and exculpatory at worst. Although excluding the evidence would have cured the need for extra time to allow the defense to retain an expert and investigate the fingerprints, excluding evidence that the prosecution did not intend to use would have been no sanction at all. *See People v. Mendez*, 2017 COA 129, ¶ 33 (the trial court's goal in imposing a sanction must be to cure any prejudice from the discovery violation and to restore a level playing field); *Daley*, 97 P.3d at 298 ("[A] court should use sanctions only as a means to cure the prejudice resulting from the discovery violation."). Thus, we cannot conclude that the district court abused its discretion by

not considering the exclusion of evidence as a reasonable discovery sanction.

¶ 23     But we agree with the People that the district court abused its discretion by failing to adequately consider whether the discovery violation could have been cured by reducing the charge. *See Daley*, 97 P.3d at 298. As both defense counsel and the court acknowledged while discussing the discovery violation, the undiscovered evidence related only to whether Martinez was the same person convicted of the offenses reflected in the Texas records. To convict Martinez of class 4 felony DUI, the prosecution had to prove that he had three prior alcohol-related convictions. *See* § 42-4-1301(1)(a), C.R.S. 2025. Without proof of the requisite prior convictions, DUI is a misdemeanor. *See id.*

¶ 24     Had the court reduced Martinez's charge from felony DUI to misdemeanor DUI, any evidence attempting to link Martinez to the Texas records, including the undisclosed fingerprints and the investigator's inability to compare them to the Texas records, would have been irrelevant. Reducing the charge also would have prevented the need to give the defense additional time to retain an expert in preparation for a new trial. As a result, this potential

14

sanction would have been unaffected by the misunderstanding about the speedy trial deadline. If the defense did not need additional time to investigate the undisclosed evidence, the trial could have proceeded the following week on the available trial date within the speedy trial period.[2]

¶ 25 Although the record reflects that the court fully understood the import of the evidence, it does not reflect that the court considered reducing the charge as a possible sanction in this case. Because reducing the charge against Martinez to a misdemeanor could have cured the prejudice that resulted from the prosecution's discovery violation, it was a reasonable and less drastic sanction to dismissal. *See Daley*, 97 P.3d at 298.

¶ 26 In the end, we conclude that the district court abused its discretion by imposing the drastic sanction of dismissal (1) without finding that the discovery violation was the result of willful

---

[2] We acknowledge there was some discussion that another trial that may have had priority was scheduled on the same date. But it is speculative to assume that the other trial would have prevented Martinez's trial from proceeding within the speedy trial period, particularly because a misdemeanor DUI charge could have been tried relatively quickly before either a district court or county court judge.

misconduct or a pattern of neglect, such that a deterrent sanction was justified; and (2) without considering whether the violation could have been cured by a less drastic sanction. *See Tippet*, ¶ 37; *Daley*, 97 P.3d at 298. Accordingly, we reverse the dismissal order and remand the case to the district court to reinstate the charge against Martinez and to reconsider the appropriate sanction for the prosecution's discovery violation. On remand, the court may conduct whatever proceedings it deems necessary to enable it to make the requisite findings and "impose the least severe sanction that will adequately remedy the violation." *Daley*, 97 P.3d at 298. We express no opinion on what the appropriate curative or deterrent remedy might be under the circumstances.

## III.  Disposition

¶ 27    The order dismissing the case is reversed, and the case is remanded to the district court with directions to reinstate the charge and for further proceedings consistent with this opinion.

JUDGE FREYRE and JUDGE SCHUTZ concur.