## No. 28202

**Richard F. Goodwin v. The District Court in and for the Tenth Judicial District, State of Colorado; and the Honorable Richard Conour, specially appointed as a District Judge in and for the Tenth Judicial District, State of Colorado**

(588 P.2d 874)

Decided January 15, 1979.

R. D. Jorgensen, James H. Frasher, Jr., Rollie R. Rogers, for petitioner.

J. E. Losavio, Jr., District Attorney, Amy S. Isaminger, Deputy, for respondent.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Pursuant to C.A.R. 21, the defendant, Richard F. Goodwin, sought a writ in the nature of mandamus to obtain discovery in a criminal case. We issued a rule to show cause and now make that rule absolute.

The defendant's motion for discovery was denied in the district court. The motion for discovery sought production of transcripts and tape recordings of conversations which were obtained by the use of a body transmitter that was secreted on one of the parties to the conversation. A demand for discovery was also made as to certain written statements which were in the possession of the district attorney which allegedly exculpated the defendant.

The charges pending against the defendant, Richard F. Goodwin, are first-degree murder, section 18-3-102, C.R.S. 1973 (1976 Supp.); conspiracy to commit first-degree murder, section 18-2-201, C.R.S. 1973 (1976 Supp.); and second-degree kidnapping, section 18-3-302, C.R.S. 1973.

Ralph "Rudy" Force is the principal prosecution witness, and his credibility will be a key factor in the jury's resolution of the issue of the guilt of Richard F. Goodwin.

The motion for discovery asserts that Force signed a statement admitting that he, and not the defendant, Richard F. Goodwin, killed Thomas Turcotte over a dispute relating to a drug transaction.

The prosecution asserts that efforts have been made to obstruct the administration of justice by bribing the prosecution's principal witness, Ralph "Rudy" Force.

A brief summary of the facts provides the foundation for our determination that the defendant is entitled to the discovery of the recording transcripts and statements which were the subject of the motion for discovery.

Force, in the course of a hearing on Goodwin's application for bail on February 24, 1978, became so emotionally disturbed that he was unable to continue as a witness. A plea agreement caused Force to become a prosecution witness, rather than a defendant, in the Turcotte murder charges. The testimony at the discovery hearing indicated that after the second bail hearing, Force advised the district attorney's staff that he had been offered a $2500 bribe by the defendant's lawyers in exchange for testimony which would exonerate the defendant. As a result, a witness-tampering investigation was initiated.

The district attorney arranged to have Force meet with defense counsel in the Pueblo city jail and equipped Force with a body transmitter that he could activate to obtain a record of what was said at that meeting. A similar device was used to obtain a recording of conversations between Force and an investigator employed by defense counsel. Force had additional meetings with defense counsel which were arranged by the prosecution and used the body transmitter to relay those portions of the conversation which he deemed relevant to a recording device. Force was instructed by the prosecution as to the questions that he should ask and as to the manner in which he should conduct himself at the meetings. The prosecution also has in its possession notes taken by an agent of the Colorado Bureau of Investigation which set forth, in essence, the facts relating to attempts of defense counsel to obtain favorable testimony from Force.

An additional written statement signed by Force is in the possession of the prosecution in which Force admitted that he committed the crimes with which the defendant, Richard F. Goodwin, is charged. Force now contends that those statements were fabricated by defense counsel and were signed by him for certain favors that he was to receive.

Denial of discovery was predicated on the fact that defense counsel knew what was in the written statement, and the tape recordings, transcripts, and notes concerning the interviews with Force related to witness-tampering and not the homicide-related charges against Goodwin. Two separate discovery issues must be resolved by this court:
1. Is the defendant entitled to production of the exculpatory statement allegedly obtained as a result of bribe offers?
2. Are the recordings made by Force discoverable?
Our answer to both questions is in the affirmative.

### The Written Statement

Crim. P. 16 pt.I(a)(1) provides:

"[T]he prosecuting attorney upon request of the defense counsel shall disclose to the defense counsel the following material and information which is within the possession or control of the prosecuting attorney:

"(I)   The names and addresses of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial, together with their relevant written or recorded statements."

█   It is conceded that Force will be a witness for the prosecution at the defendant's trial. Force signed the statement which exonerates the defendant, although he asserts that the statement was manufactured and fabricated by defense counsel. The relevance of the statement is obvious, and its use for impeachment purposes, when Force is called as a prosecution witness, cannot be disregarded without jeopardizing due process rights of the defendant. *DeLuzio v. People,* 177 Colo. 389, 494 P.2d 589 (1972); *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Defense counsel cannot reasonably be required to pit memory as to the contents of the statement against what the prosecution knows to be the actual statement. Production of the statement is also necessary to enable defense counsel to make the difficult decision as to whether the allegations of witness-tampering require that they withdraw as counsel so that new counsel can be obtained to represent the defendant. *See* DR5-102(A); EC5-9. It is also possible that the present defense counsel will be witnesses at the homicide trial.

█   In *People v. Smith,* 185 Colo. 369, 524 P.2d 607 (1974), we quoted with approval the concurring opinion of Mr. Justice Fortas in *Giles v. Maryland,* 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967):

"' . . . A criminal trial is not a game in which the State's function is to outwit and entrap its quarry. The State's pursuit is justice, not a victim. If it has in its exclusive possession specific, concrete evidence which is not merely cumulative or embellishing and which may exonerate the defendant or be of material importance to the defense — regardless of whether it relates to testimony which the State has caused to be given at trial — the State is obliged to bring it to the attention of the court and the defense. . . .' We are in agreement with the foregoing statement. *See People v. Walker,* 180 Colo. 184, 504 P.2d 1098; *Cheatwood v. People,* 164 Colo. 334, 435 P.2d 402.

"Moreover, in our view the determination of usefulness of evidence in this context is a defense function, not a prosecutorial function. In certain cases even an *in camera* hearing imposes unfairness on the defense, as only the defense can determine what will be material and helpful to its case. *See Alderman v. United States,* 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176."

*See also* American Bar Association *Standards Relating to Discovery and Procedure Before Trial,* 11-2.1(a)(1), and comments thereto, p. 5 (Approved Draft 1978); *Brady v. Maryland, supra.*

## The Recorded Conversations

■ Force, whose credibility is a key issue, was a party to the conversations and recorded those portions of the conversations which he deemed relevant. The entire conversations, or only a limited portion of them, may have been recorded, but the recording, in any event, is part and parcel of the factual background and might be admissible in determining the credibility of Force. *People v. Smith, supra.*

The notes, if they are in substance recitals of the oral statements allegedly made by Force, are likewise discoverable if they are not otherwise subject to suppression under the provisions of Crim. P. 16. *People v. Manier,* 184 Colo. 44, 51, 518 P.2d 811 (1974); *Ortega v. People,* 162 Colo. 358, 426 P.2d 180 (1967).

The remaining issues do not require further exposition.

Accordingly, the rule to show cause is made absolute, and the cause is remanded for proceedings not inconsistent with this opinion.