The PEOPLE of the State of Colorado, Petitioner,

v.

The DISTRICT COURT OF COLORADO'S SEVENTEENTH JUDICIAL DISTRICT and One of Its Judges, the Honorable Philip F. Roan, Respondents.

No. 90SA82.

Supreme Court of Colorado, En Banc.

June 18, 1990.

James F. Smith, Dist. Atty., Steven L. Bernard, Chief Trial Deputy, Brighton, Colo., for petitioner.

Normando R. Pacheco, Thomas H. May, Robert Justin Driscoll, Denver, Colo., for respondents.

Justice ERICKSON delivered the Opinion of the Court.

This original proceeding by the prosecution pursuant to C.A.R. 21 raises the issue of whether the trial court clearly abused its discretion in barring the testimony of the prosecution's key eyewitness because of an alleged violation of Crim.P. 16. We issued a rule to show cause and an order staying the criminal proceedings below. We now make the rule absolute and lift the stay.

I

There are four cases and four defendants involved in this original proceeding from Adams County District Court. The defendants are Jesus Joel Millan (Criminal Action No. 89CR0752), Jesus J. Tarin (No. 89CR0754), Jose A. Tarin (No. 89CR0756), and Ricardo Santos (No. 89CR0758). All of the defendants are charged with distribution of twenty-eight or more grams of cocaine, and conspiracy to distribute cocaine, contrary to sections 12–22–310, 5 C.R.S. (1985 & 1989 Supp.), and 18–18–105, 8B C.R.S. (1986 & 1989 Supp.). In each case, the respondent district judge has entered an order pursuant to Crim.P. 16(III)(g) [1] precluding the prosecution from calling M.C. as a witness.

M.C. was a paid informant working for the Adams County Sheriff's Department. On June 1, 1989, M.C. allegedly arranged with defendant Santos for the sale of one to two kilograms of cocaine to two undercover police officers. The prosecution claims that defendants Jose and Jesus Tarin were also involved in the negotiations for the sale and delivery of the cocaine. The cocaine was brought to a room in the American Family Lodge in Adams County by a man named Torres. Torres was alleg-edly driven there by defendant Millan. M.C. has testified that Millan gave him a sample of the cocaine to test.

The two buyers, Detectives Nicastle and Toldness of the Adams County Sheriff's Department, arrived at the motel and inspected the cocaine. During the subsequent arrest of the defendants, Torres was shot and killed.

A preliminary hearing was held on June 23, 1989 before a district court judge (not the respondent). Detective Nicastle and M.C. testified, and the district court concluded that probable cause existed that all four of the defendants committed the crimes charged. Trial was set for November 13, 1989. Pending trial, all of the defendants except Millan were released on bond.

On the morning of the trial date, all four defendants moved for a continuance based on information which had recently been supplied to them by the prosecution of allegations that M.C. was a heavy drug user and may have been under the influence of cocaine on June 1, 1989. There were also suggestions that M.C. had twice attempted suicide. Finally, a misdemeanor charge arising out of an unrelated incident was filed against M.C. after the June 23 preliminary hearing. The prosecutor did not oppose the motions for continuance, and trial was reset for February 26, 1990.

On December 1, 1989, the prosecutor informed defense counsel that he had received additional information about M.C.'s alleged cocaine use from an interview with a witness. In addition, the prosecutor stated that he had learned from Detective Nicastle that M.C., while working as a police informant, had participated in a cocaine transaction with an individual named Domingus. After the transaction was over, M.C. allegedly returned to Domingus and obtained both money and cocaine.

---

1. Crim.P. 16(III)(g) provides:

    **(g) Failure to Comply; Sanctions.**

    If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection of materials not previously disclosed, grant a continuance, *prohibit the party from introducing in evidence the material not disclosed or enter such other order as it deems just under the circumstances.* (Emphasis added.)

Defense counsel moved for a dismissal of the charges against Millan, based on the alleged perjury of M.C. at the preliminary hearing. At the hearing on the dismissal motion before the respondent, defense counsel also urged orally that Rule 16 had been violated. The respondent agreed, and issued an order precluding the prosecution from calling M.C. to testify at Millan's trial. Subsequent preclusion orders were issued in the cases pending against the other three defendants.

## II

■■■ As a threshold matter, the respondent contends that we lack subject-matter jurisdiction over this original proceeding because it was filed more than ten days after the entry of the initial order barring M.C.'s testimony. The respondent relies on C.A.R. 4.1(b), which states that "[n]o interlocutory appeal shall be filed after ten days from the entry of the order complained of." The respondent overlooks the fact that this is an original proceeding brought under C.A.R. 21, and that the ten-day limitation does not apply. The prosecution has not filed an interlocutory appeal, nor would an interlocutory appeal have been appropriate to review an order imposing a sanction under Crim.P. 16(III)(g). *See* C.A.R. 4.1(a) (specifying the grounds for interlocutory appeal in a criminal case).

■■■ Even though we have the jurisdiction to hear the proceeding, Colo. Const. art VI, § 3; C.A.R. 21(a), the exercise of original jurisdiction is discretionary. *Jones v. District Court,* 780 P.2d 526, 528 (Colo. 1989). We have not hesitated to take jurisdiction when a pretrial interlocutory ruling significantly interfered with a party's ability to litigate the merits of the case. *Id.; People v. District Court,* 664 P.2d 247, 251 (Colo.1983). The prosecution's contention that M.C.'s testimony is crucial is undisputed. Appellate review of the order imposing sanctions would be an inadequate remedy. If the prosecution proceeds to trial, and a defendant is acquitted, that defendant

could not be retried even though the prosecution appealed the sanction order as a question of law because jeopardy would have attached. *Id.* We conclude that exercise of our original jurisdiction is appropriate.

## III

■■■ Rule 16(I)(a)(2) states that "[t]he prosecuting attorney shall disclose to defense counsel any material or information within his possession or control which tends to negate the guilt of the accused as to the offense charged or would tend to reduce the punishment therefor." Exculpatory evidence includes evidence which bears on the credibility of a witness the prosecution intends to call at trial. *Giglio v. United States,* 405 U.S. 150, 154–55, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972); *Goodwin v. District Court,* 197 Colo. 6, 9, 588 P.2d 874, 876 (1979).

■■■ The respondent entered the sanction orders against the prosecution because on July 11, 1989, eighteen days after the preliminary hearing on June 23, 1989, M.C. was involved in the cocaine transaction with Domingus. About a month later, Domingus was arrested by Detective Nicastle.[2] Information about M.C.'s drug use was therefore known to Detective Nicastle by approximately August 11, 1989.

We conclude that Rule 16 was violated. While it is not disputed that the prosecutor had no actual knowledge of the exculpatory evidence until shortly before he promptly turned the materials over to defense counsel, Crim.P. 16(I)(a)(3) provides that "[t]he prosecuting attorney's obligations under this section (a) extend to material and information in the possession or control of members of his staff *and of any others who have participated in the investigation or evaluation of the case and who either regularly report, or with reference to the particular case have reported, to his office."* (Emphasis added.) Information or material in the custody or possession of

---

**2.** In the responses to the rule issued by this court, the respondent states that the reason for the sanction of preclusion was Detective Nicas- tle's knowledge, or constructive knowledge, of Domingus's allegations against M.C.

Detective Nicastle was covered by the Rule. Rule 16(III)(b) imposes a continuing duty on a party to "promptly notify the other party" of the existence of additional material subject to disclosure under Rule 16.

■ Moreover, Rule 16(I)(b)(4) states that "[t]he prosecuting attorney shall ensure that a flow of information is maintained between the various investigative personnel and his office sufficient to place within his possession or control all material and information relevant to the accused and the offense charged." A prosecutor is required "to use 'diligent good faith efforts' to make available to the defense on request discoverable material 'which is in the possession or control of other governmental personnel.'" *People v. Bloom,* 195 Colo. 246, 250, 577 P.2d 288, 291 (1978) (quoting present Crim.P. 16(I)(c)(1)). It is incumbent upon the prosecutor to promulgate and enforce rigorous and systematic procedures designed to preserve all discoverable evidence gathered in the course of a criminal investigation. *United States v. Bryant,* 439 F.2d 642, 652 (D.C.Cir.1971); *see also Bloom,* 195 Colo. at 251 n. 6, 577 P.2d at 292 n. 6. *See generally* J. Douglas, *Ethical Issues in Prosecution* 157–219 (1988). The issue is whether the trial court clearly abused its discretion in excluding M.C.'s testimony altogether after finding the violation of Rule 16. *See People v. Thurman,* 787 P.2d 646, 655 (Colo.1990). Although the prosecutor had no actual knowledge of the exculpatory evidence, that was not a defense to the charge of a discovery violation, but it was a consideration in fashioning an appropriate remedy.[3] In interpreting Fed.R.Crim.P. 16(d)(2) (upon which Crim.P. 16(III)(g) is based), one commentator has said:

If a request for discovery is refused or not responded to in the pretrial stage, it is unlikely that there will be a need for sanctions. A motion to compel disclosure is ordinarily enough to remedy the situation.

The more difficult problem is where it does not become known until during or just before the trial that a party has material that should have been produced in response to an earlier request. The first sentence of Rule 16(d)(2) ... gives the court broad discretion in deciding what should then be done. *In exercising that discretion, the court should take into account the reasons why disclosure was not made, the extent of the prejudice, if any, to the opposing party, the feasibility of rectifying that prejudice by a continuance, and any other relevant circumstances.*

2 C. Wright, *Federal Practice & Procedure* § 260, at 119–20 (1982) (emphasis added). Standard 11–4.7 of the ABA Standards for Criminal Justice provides:

Sanctions

If an applicable discovery rule or an order issued pursuant thereto is not promptly implemented:

(a) the court may:

(i) order the noncomplying party to permit the discovery of the material and information not previously disclosed;

(ii) grant a continuance; or

(iii) enter such other order as it deems just under the circumstances; or

(b) the court may subject counsel to appropriate sanctions upon a finding that counsel willfully violated the rule or order.

**3.** In *People v. Pronovost,* 773 P.2d 555 (Colo. 1989), we developed a five-part balancing test to determine the constitutional limits of judicial discretion in a criminal case to exclude relevant and competent defense expert evidence when the defendant fails to timely endorse an expert witness. These factors are: 1) the reason for the late endorsement and culpability of the defendant; 2) the prejudice suffered by the prosecution in preparing for trial; 3) whether events occurring subsequent to the defendant's non-

compliance mitigate the prejudice to the prosecution; 4) whether there is a less drastic alternative than preclusion; and 5) any other relevant factors. 773 P.2d at 559–60.

Not surprisingly, the test we employ below for the limits of judicial discretion to exclude relevant and competent prosecution evidence because of a prosecution violation of Rule 16 is similar, but not identical since no *constitutional* rights of the prosecution are implicated.

II ABA Standards for Criminal Justice 11–4.7 (2d ed. 1980). The commentary to standard 11–4.7(a) states:

> In selecting an appropriate sanction, the trial court should assess both the nature and extent of the prejudice flowing from the nondisclosure. The court should then attempt to tailor the sanction to remedy the prejudice and to promote compliance with the discovery rules while affecting " 'the evidence at trial and the merits of the case as little as possible.' " [*State v. Marchellino*, 304 N.W.2d 252, 257 (Iowa 1981) (quoting ABA Discovery and Procedure Before Trial, commentary at 108 (1970)) ].

II ABA Standards for Criminal Justice 11–4.7 commentary at 11–19S (2d ed. 1986 Supp.). The American Bar Association Standards strongly disfavor suppression of evidence as a sanction for a violation of discovery:

> The exclusion sanction is not recommended because its results are capricious. Thus, exclusion of prosecution evidence may produce a disproportionate windfall for the defendant, while exclusion of defense evidence may lead to an unfair conviction. Either result would defeat the objectives of discovery.

II ABA Standards for Criminal Justice 11–4.7 commentary at 11–67 to 11–68 (2d ed. 1980).

■ The prosecutor did not willfully violate Rule 16, or otherwise act in bad faith. As soon as he learned of the exculpatory information in Detective Nicastle's possession, he notified defense counsel. Because the exculpatory information was disclosed before trial, it was not necessary for the trial court to declare a mistrial and force the defendant to go to trial again at a later date in front of a different jury. *Cf. People v. District Court*, 664 P.2d at 252–53 (trial court did not abuse discretion in excluding the prosecution's fingerprint evidence on retrial after mistrial resulted when the prosecutor did not comply with a discovery order).

In addition, under the facts in this case, a continuance would substantially cure any prejudice the defendants may have suffered because of the Rule 16 violation. *Cf. Thurman*, 787 P.2d at 655 (trial court did not abuse discretion in ordering dismissal of criminal charges under Crim.P. 16(III)(g) because of prosecution's willful and *continuing* refusal to disclose confidential informant's address and place of employment despite court order to do so). M.C.'s testimony is crucial because he is the prosecution's main eyewitness. Its exclusion would result in an unwarranted windfall for the defendants.

■ The purpose of the discovery process, including the imposition of sanctions, is to advance the search for truth. When a party violates Rule 16, we believe the court should impose the least severe sanction that will ensure that there is full compliance with the court's discovery orders. In exercising its discretion in fashioning a sanction because of a violation of Rule 16, the trial court

> must weigh several factors, and, if it decides a sanction is in order, should fashion "the least severe sanction that will accomplish the desired result— prompt and full compliance with the court's discovery orders." *United States v. Sarcinelli*, 667 F.2d 5, 7 (5th Cir. Unit B 1982). *See also [U.S. v.] Burkhalter*, 735 F.2d [1327] at 1329; (11th Cir.1984) *United States v. Gee*, 695 F.2d 1165, 1169 (9th Cir.1983) (citing *Sarcinelli, supra* ). Among the factors the court must weigh are the reasons for the Government's delay in affording the required discovery, the extent of prejudice, if any, the defendant has suffered because of the delay, and the feasibility of curing such prejudice by granting a continuance or, if the jury has been sworn and the trial has begun, a recess.

*United States v. Euceda–Hernandez*, 768 F.2d 1307, 1312 (11th Cir.1985) (district court abused its discretion in suppressing defendant's post-arrest statements although prosecutor failed to disclose statements until three days before trial, where prosecutor's late discovery was not deliberate and continuance would have cured any prejudice to defendants). *See also United States v. Sarcinelli*, 667 F.2d 5, 7 (5th

Cir.1982) (reversing district court's order suppressing prosecution evidence for violation of Fed.R.Crim.P. 16 in the absence of a showing of material prejudice to the defendant); *State v. Marzo,* 64 Hawaii 395, 641 P.2d 1338 (1982) (abuse of discretion to dismiss criminal case in absence of prejudice to defendant for violation of state criminal discovery rule similar to Crim.P. 16).

We conclude that the exclusionary or suppression orders in these cases do not further the search for truth and are not merited by the possible deterrence of prosecutorial misconduct. Accordingly, we vacate the orders of the trial court suppressing M.C.'s testimony and lift the stays heretofore entered. In conducting further proceedings consistent with this opinion, the trial court may consider a sanction, if any, that is appropriate apart from suppression of M.C.'s testimony or dismissal of the charges, for the discovery violations that occurred in these cases.