23CA1050 Peo v Warren 06-26-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1050
Adams County District Court No. 21CR2305
Honorable Robert W. Kiesnowski, Jr., Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Paul Warren,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division A
Opinion by CHIEF JUDGE ROMÁN
Martinez* and Taubman*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 26, 2025

Philip J. Weiser, Attorney General, Jacob R. Lofgren, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Rachel Z. Geiman, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Defendant, Paul Warren, appeals his conviction for aggravated motor vehicle theft.  We affirm.

## I.    Background

¶ 2    L.E.M. hired Warren to help install satellite equipment throughout the state and loaned him his truck with the understanding that the truck would be used for work purposes and returned daily.

¶ 3    A couple of months later, Warren failed to return the truck. L.E.M. learned Warren was using the truck to travel to Alabama for a family matter and reported the truck stolen.

¶ 4    Warren was charged with aggravated motor vehicle theft and theft of the tools stored in the truck.  A jury convicted him of aggravated motor vehicle theft.

## II.    Discussion

¶ 5    Warren raises two arguments on appeal.  First, he contends the district court erred by giving the 2022 Colorado Model Criminal Jury Instruction on reasonable doubt.  Second, he asserts the court erred by denying his motion for dismissal for discovery violations by the prosecution.  We affirm.

## A.     Reasonable Doubt Jury Instruction

¶ 6     Warren argues the court's reasonable doubt jury instruction lowered the prosecution's burden of proof, infringed on his presumption of innocence, and shifted the burden of proof to him. We disagree.

### 1.     Additional Background

¶ 7     In 2022, the Colorado Supreme Court Model Criminal Jury Instructions Committee substantially revised the reasonable doubt instruction to read in part:

> Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. If you are firmly convinced of the defendant's guilt, then the prosecution has proven the crime charged beyond a reasonable doubt. But if you think there is a real possibility that the defendant is not guilty, then the prosecution has failed to prove the crime charged beyond a reasonable doubt.
>
> After considering all the evidence, if you decide the prosecution has proven each of the elements of a crime charged beyond a reasonable doubt, you should find the defendant guilty of that crime.
>
> After considering all the evidence, if you decide the prosecution has failed to prove any one or more of the elements of a crime charged beyond a reasonable doubt, you should find the defendant not guilty of that crime.

COLJI-Crim. E:03 (2022).

¶ 8      Guided by the 2022 model jury instruction, the district court

gave the following reasonable doubt instruction:

> Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  If you are firmly convinced of the defendant's guilt, then the prosecution has proven the crime charged beyond a reasonable doubt.  But if you think there is a real possibility that the defendant is not guilty, then the prosecution has failed to prove the crime charged beyond a reasonable doubt.
>
> If you find from the evidence that each and every element of a crime has been proven beyond a reasonable doubt, you should find the defendant guilty of that crime.  If you find from the evidence that the prosecution has failed to prove any one or more of the elements of a crime beyond a reasonable doubt, you should find the defendant not guilty of that crime.

¶ 9     Warren objected and requested the court use the 2021 model instruction[1] because the 2022 version was untested and lessened the prosecution's burden.  The district court declined, explaining that the new instruction repeatedly emphasized that the prosecution carried the burden of proof.

### 2.    Standard of Review

¶ 10    The United States Constitution "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  *In re Winship*, 397 U.S. 358, 364 (1970).  The reasonable doubt standard gives "concrete substance" to the presumption of innocence afforded to all criminal defendants.  *Id.* at 363.

---

[1] The 2021 Colorado Model Criminal Jury Instructions defined "reasonable doubt" as

> a doubt based upon reason and common sense which arises from a fair and rational consideration of all of the evidence, or the lack of evidence, in the case.  It is a doubt which is not a vague, speculative or imaginary doubt, but such a doubt as would cause reasonable people to hesitate to act in matters of importance to themselves.

COLJI-Crim. E:03 (2021).

¶ 11    We review de novo whether the district court properly instructed the jury on the law. *Tibbels v. People*, 2022 CO 1, ¶ 22. If an instruction lowers the "prosecution's burden of proof below the reasonable doubt standard," it "constitute[s] structural error and require[s] automatic reversal." *Id.*

¶ 12    In determining whether an instruction lowered the burden of proof, we apply a "functional test, asking whether there is a reasonable likelihood that the jury understood a contested instruction, in the context of the instructions as a whole and the trial record, to allow a conviction based on a standard lower than beyond a reasonable doubt." *Id.* at ¶ 36; *see also People v. Schlehuber*, 2025 COA 50, ¶13.

¶ 13    Model instructions, while not "'a safe harbor that insulates instructional error from reversal,' have been approved in principle by our [supreme] court and serve as beacon lights to guide trial courts." *Galvan v. People*, 2020 CO 82, ¶ 38 (citations omitted). Thus, if the instructions as a whole correctly inform the jury of the law, the district court has "broad discretion to determine the form

and style of jury instructions." *Day v. Johnson*, 255 P.3d 1064, 1067 (Colo. 2011).

## 3.   Analysis

¶ 14    Warren challenges three aspects of the 2022 model jury instruction as given by the district court: (1) its failure to instruct the jury it could consider the "lack of evidence"; (2) its equating of reasonable doubt with "a real possibility that the defendant is not guilty" and its use of the phrase "firmly convinced" to define proof beyond a reasonable doubt; and (3) its removal of the phrase "hesitate to act" from the 2021 model instruction. None of these concerns merit reversal.

### a.   Lack of Evidence

¶ 15    The 2022 model instruction removed the phrase "lack of evidence," COLJI-Crim. E:03 (2021), and instructed the jury that in determining whether the defendant is guilty beyond reasonable doubt, "all the evidence" should be considered. COLJI-Crim. E:03 (2022). Warren claims this change undercuts the presumption of innocence by not informing the jurors they can consider both the

"lack of evidence" and "all the evidence," thus lowering and shifting the prosecution's burden of proof.[2]

¶ 16　　Courts have recognized, though, that the concept of reasonable doubt inherently invites jurors to consider missing evidence. *Schlehuber*, ¶ 21; *see United States v. Rogers*, 91 F.3d 53, 56-57 (8th Cir. 1996); *see also United States v. Petty*, 856 F.3d 1306, 1311 (10th Cir. 2017). Moreover, the lack of evidence on an issue means the prosecution failed to meet its burden. *See Schlehuber*, ¶¶ 21-22; *see also Petty*, 856 F.3d at 1311 ("Any reasonable juror would understand from the instruction's wording that the Government must present evidence sufficient to establish Defendant's guilt beyond a reasonable doubt and that a failure to present evidence sufficient to meet its burden must result in Defendant's acquittal.").

¶ 17　　Divisions of this court have also rejected Warren's argument. *See Schlehuber*, ¶ 19 ("[T]he omission of this phrase from the

---

[2] The reasonable doubt model jury instruction was again amended in 2023 to state, "A reasonable doubt can be based on the evidence presented or the lack of evidence presented." COLJI-Crim. E:03 (2023). The addition of this language, however, does not affect our analysis.

reasonable doubt instruction is not structural error."); *People v. Melara*, 2025 COA 48, ¶ 24. We conclude that, read as a whole, the instruction adequately informed the jury of the law. *See Schlehuber*, ¶ 22.

¶ 18 In addition, we agree with the *Schlehuber* division that while it is better for a district court to instruct the jury explicitly that it may consider the lack of evidence, a court does not err by not doing so. *Id.* at ¶ 20.

b. Firmly Convinced and Real Possibility

¶ 19 Next, Warren argues the instruction erroneously defined reasonable doubt as a "real possibility that the defendant is not guilty" and that proof beyond reasonable doubt is proof that leaves you "firmly convinced." He contends this language creates confusion. Addressing both phrases together, we disagree.

¶ 20 These phrases have been consistently approved by courts as an accurate expression of the reasonable doubt standard. *See Petty*, 856 F.3d at 1310 ("[T]he 'firmly convinced' language, juxtaposed with the insistence that a jury must acquit in the presence of a 'real possibility' that the defendant is not guilty, is a

8

correct and comprehensible statement of the reasonable doubt standard.") (citation omitted); *see Victor v. Nebraska,* 511 U.S. 1, 24-25, 27 (1994) (Ginsburg, J., concurring in part and concurring in the judgment) (endorsing a similar definition as "surpass[ing] others . . . in stating the reasonable doubt standard succinctly and comprehensibly").  Divisions of this court have also approved both phrases as an "accurate statement of the law."  *Schlehuber,* ¶ 30 (quoting *Melara,* ¶ 30).  We, too, conclude that both phrases represent an accurate statement of the law.

¶ 21    Warren points us to cases that have disapproved of the language.  *See United States v. Porter,* 821 F.2d 968, 973 (4th Cir. 1987); *United States v. McBride,* 786 F.2d 45, 52 (2d Cir. 1986).  But even then, those courts did not deem the language to be a reversible error, *Schlehuber,* ¶ 30 n.4, and both cases predate Justice Ginsburg's concurrence in *Victor v. Nebraska,* which endorsed such an instruction.  *See Victor,* 511 U.S. at 27 (Ginsburg, J., concurring in part and concurring in the judgment).

¶ 22    As the division in *Schlehuber* explained, "[t]he first — 'firmly convinced' — describes what it means to have no reasonable

doubt," and "[t]he second — 'real possibility' — contrasts that with what it means to have a reasonable doubt." *Schlehuber*, ¶ 33. In this case, "the jury could either be 'firmly convinced' of [Warren's] guilt (and find him guilty) or 'think there is a real possibility' that [Warren] was not guilty (and find him not guilty)." *Id.*

### c. Hesitate to Act

¶ 23 Finally, we reject Warren's contention that the removal of the "hesitate to act" language risks lowering the burden of proof. While Warren points to other courts that have previously approved this language, he fails to state why failing to include it is error. *See Schlehuber*, ¶ 28; *see also Victor*, 511 U.S. at 20.[3]

¶ 24 The exclusion of the phrase "hesitate to act" in the model reasonable doubt instruction was, in part, a response to criticisms that it led some courts to make improper analogies that lowered the burden of proof. COLJI-Crim. E:03 cmt. 1 (2024); *see also*

---

[3] The "hesitate to act" analogy is misplaced because decisions people make in their lives "generally involve a very heavy element of uncertainty and risk-taking" and are "unlike the decisions jurors ought to make in criminal cases." *Victor*, 511 U.S. at 24-25 (Ginsburg, J., concurring in part and concurring in the judgment) (citation omitted).

10

*Schlehuber*, ¶ 27. We agree with the *Schlehuber* division; "so long as the instruction otherwise correctly defines the reasonable doubt standard," we do not find that the absence of the "hesitate to act" phrase constitutes error. *Schlehuber*, ¶ 28.

¶ 25     We hold the reasonable doubt instruction neither lowered nor shifted the burden of proof, nor did it undermine Warren's presumption of innocence. Although we conclude the jury instruction was sufficient, we do not opine about whether the 2021 Colorado Model Criminal Jury Instruction or the 2022 version provides the better description of the burden of proof.

### B.     Discovery Violations

¶ 26     Warren also contends the district court abused its discretion by denying his motion to dismiss based on the prosecution's repeated discovery violations. We discern no abuse of discretion.

### 1.     Additional Background

¶ 27     Throughout the course of the case, Warren raised multiple Crim. P. 16 issues:

- January 27, 2023: Warren raised a potential Rule 16 violation based on the prosecution's late disclosure —

11

just one day earlier — of an interview conducted with Mitchell. The district court found no violation.

- January 31, 2023: Warren moved to dismiss for Rule 16 violations, reiterating previous concerns and asserting the prosecution had delayed disclosing fifteen pages of text messages between Warren and Mitchell. The prosecution conceded the discovery violation. The district court agreed a Rule 16 violation had occurred but concluded it was not willful. As a remedy, the district court reset trial within the existing speedy trial deadline.

- February 8, 2023: Warren filed a second motion to dismiss, citing ongoing violations of Rule 16. The day before, he had received notice that the lead detective had been charged with a DUI. Warren argued that, as this was the third instance of untimely discovery and it involved "critical impeachment information," dismissal was warranted. The district court found a Rule 16 violation, noting the late disclosure deprived Warren of adequate time to investigate, compounding the prejudice.

The district court concluded the appropriate remedy that best served the purposes of Rule 16 was to exclude the detective's testimony.

¶ 28     Warren argues this pattern of untimely disclosures demonstrates neglect — if not willful violations — and the district court's decision not to dismiss was unreasonable and unfair.

## 2.     Standard of Review

¶ 29     We review a district court's rulings on discovery issues and sanctions for abuse of discretion. *People v. Tippet*, 2023 CO 61, ¶ 34; *see People v. Daley*, 97 P.3d 295, 298 (Colo. App. 2004) ("The choice of an appropriate sanction for a violation of a discovery rule lies within the sound discretion of the trial court."). We will reverse a court's discovery sanction only when it is "manifestly arbitrary, unreasonable, or unfair." *Tippet*, ¶ 35 (quoting *People v. Castro*, 854 P.2d 1262, 1265 (Colo. 1993)).

## 3.     Analysis

¶ 30     Crim. P. 16 requires the prosecution to make certain material and information in possession or control available "as soon as practicable" but not later than twenty-one days after a defendant's first appearance. Crim. P. 16(I)(b)(1). Courts have recognized the

purpose of Rule 16 "is to advance the search for truth" and to deter discovery-related misconduct. *People v. Dist. Ct.*, 793 P.2d 163, 168 (Colo. 1990); *see also People v. Cobb*, 962 P.2d 944, 949 (Colo. 1998); *People v. Lee*, 18 P.3d 192, 196 (Colo. 2001).

¶ 31 To remedy a Rule 16 violation, a court must strike a balance between "protecting the integrity of the truth-finding process and deterring discovery-related misconduct." *Lee*, 18 P.3d at 196. Courts must consider several factors when fashioning discovery sanctions: "(1) the reason for and degree of culpability associated with the violation; (2) the extent of resulting prejudice to the other party; (3) any events after the violation that mitigate such prejudice; (4) reasonable and less drastic alternatives to exclusion; and (5) any other relevant facts." *Tippet*, ¶ 37 (quoting *Cobb*, 962 P.2d at 949).

¶ 32 Here, we conclude the district court properly considered these factors in determining the appropriate sanctions for the Rule 16 violations. Specifically, it found that, in both Rule 16 violations, the prosecution acted in good faith and that neither discovery violation was willful. In one instance, the prosecution conceded that a discovery violation had occurred and that Warren was entitled to a

14

timely notification. Further, in excluding the testimony of the detective, the district court noted the need to balance the prejudice that occurred against the need to find the least severe sanction to effectuate procedural fairness.

¶ 33 Still, Warren argues the sanctions the district court issued were insufficient in light of the prosecution's repeated untimely disclosures. However, the exclusion of the detective's testimony was more than sufficient. *See People v. Whittington*, 2024 CO 65, ¶ 20 ("[W]e have recently emphasized that a court should generally avoid excluding evidence as a sanction because exclusion is a drastic remedy that may affect the outcome of the trial, provide a windfall to the party against whom the evidence would have been offered, or otherwise hinder the search for the truth."). As the district court explained, the prejudice could not be cured by way of continuance due to the speedy trial deadline. Here, considering the totality of the circumstances, striking the detective's testimony was the least severe sanction available. *See Lee*, 18 P.3d at 198 ("[T]he exclusion of evidence would have been appropriate only where a

15

less severe sanction, such as a continuance, would be inadequate." (citing *Dist. Ct.*, 793 P.2d at 168-69)).

¶ 34 For these reasons, the district court did not abuse its discretion and appropriately remedied the Rule 16 violations.

### III.   Disposition

¶ 35 The judgment is affirmed.

JUSTICE MARTINEZ and JUDGE TAUBMAN concur.